GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 359. Argued June 14, 1946.—Decided July 18, 1946.

*Angel de Jesús Matos, A. Sandín del Manzano,* and *Ismael Marrero* for petitioner. The claimant did not appear.

Mr. Chief Justice Travieso delivered the opinion of the court.

The claimant, Rufino Santiago, a resident of the town of Peñuelas, worked as a teacher in a public school located at a distance of four kilometers from said town. He went every day to and from school in a private automobile owned by another teacher and, in adition, made daily another round trip to take his lunch at his home and then return to his work. On October 4, 1945, while he was going to school after taking his lunch, the automobile collided with a cliff and the teacher sustained wounds and contusions for which he claimed compensation from the State Insurance Fund. The Manager of the Fund denied the claim as he considered that the accident suffered by the claimant "did not occur in the course of his employment or as a consequence thereof." The claimant appealed to the Industrial Commission and the latter reversed the decision of the manager, holding that the accident arose out of an act or function inherent to his employment, in the course and as a consequence thereof. A motion for reconsideration was overruled and the manager instituted the present proceeding.

Petitioner urges that the commission erred in holding that the accident occurred in the course and as a consequence of the employment; in holding that the position of public school teacher creates the necessity for travel, so that the teacher, while traveling to and from school to take lunch after his working hours, is in the course of his employment; and in construing the scope of the decisions of this court

in the cases of *Atiles, Mgr.* v. *Industrial Commission,* 63 P.R.R. 774, and *Atiles, Mgr.* v. *Industrial Commission,* 64 P.R.R. 590.

The case of *Bacó* v. *Industrial Commission,* 52 P.R.R. 836, dealt with two employees of a central who suffered an accident while they traveled in an automobile, owned by one of them, towards the town of Yauco to take their lunch, with instructions to get the mail which the employer might have there. It was held that the work which both employees had to perform did not give rise to the necessity of the trip; that the trip to take lunch was personal and that the accident did not arise out of an act or duty inherent in their work and did not occur during the course of the employment nor as a consequence thereof.

In the case of *Pérez* v. *Industrial Commission,* 53 *D.P.R.* 960 (*per curiam*), the claimant teacher sustained an accident when attempting to board a bus which was to convey her to the school located in the urban zone of Bayamón. It was held that the accident did not arise out of any duty or act inherent to her employment as teacher; and that the applicable doctrine was that which regards those accidents as risks which are peculiar to the street and which are shared by all the members of the community.

The case of *Atiles, Mgr.* v. *Industrial Commission,* 64 P.R.R. 590, relied on by the respondent commission, can be easily distinguished from the case at bar. It will be enough to remember the facts of the case and what we stated at p. 594:

"The teacher María de Jesús lived in the town of Río Grande and worked in a school located in the mountains, at a distance of 7 kilometers from the town. Since at that place there was no house in which she could obtain lodging for herself, the teacher had to travel daily 7 kilometers in going to the school and 7 in returning every afternoon to her house in the town. As she could not prepare the work for the next day in the school, she had to take with her the books and school material necessary for preparing it at home and bringing it back to the school on the following day. The work which she had to perform at such a distant place not only created the

necessity for a long and hazardous trip—partly in an automobile and partly on horseback or on foot—but also compelled her to have her hands full with the school material which she carried, placing her in a defenceless position as against any accident which might happen to her during the trip. Probably, if she had her hands free at the time she slipped, she could have avoided the accident as a result of which her Achilles' tendon was cut. We are of the opinion that the facts and extraordinary circumstances of the case justify the finding made by the Industrial Commission to the effect that the work of the injured teacher lasted each day from the time she left her home carrying the books and school material until she returned to her house in the afternoon. In accordance with the evidence introduced, the accident occurred in the course of the employment and as a consequence thereof "

The Industrial Commission erred in not applying to the facts of this case the doctrine laid down in *Pérez* v. *Industrial Commission, supra,* and in holding that claimant's employment created the necessity of the trip to take lunch at the town and return again to school. The case entirely falls within the "going and coming" rule established and supported by the majority of the jurisdictions. See *Ríos* v. *Industrial Commission, ante,* p. 385.

The decision sought to be reviewed should be reversed.